**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE: BIRCH CREEK FARMERY CO, LLC,    :    Bankruptcy No. 25-22699-JAD
                                        :
                        Debtor.:
                                        :    Chapter 12

## CHAPTER 12 PLAN DATED DECEMBER 31, 2025

I. PLAN FUNDING

Debtor proposes a sixty (60) month Plan. The Plan will be funded from the revenue generated from Debtor's farming and business operations, which currently consists of horse breeding and boarding, as well as agricultural supply sales. In addition, non-farm income in the form of wages earned by Debtor will provide additional funding for the plan. Debtor shall make 60 monthly payments to the Chapter 12 Trustee in the amount of **$3,000.00**.

II. DISTRIBUTION

The Chapter 12 Trustee shall distribute the plan funding in accordance with the following disbursements:

A. Administrative

1. Administrative payments to the Chapter 12 Trustee shall be consistent with the United States Bankruptcy Code, Unites States Trustee's Guidelines, and only upon prior approval of the Bankruptcy Court. The Chapter 12 Trustee's administrative fees shall be 5% paid by the Chapter 12 Trustee, **on a yearly basis,** for the entire life of the plan.

2. An administrative payment or payments to Santillan Law, P.C. for any balance of compensation and reimbursement of costs and expenses as approved by the Bankruptcy Court. The disbursement schedule provided to the Chapter 12 Trustee will allow for estimated attorney's fees. Santillan Law, P.C. estimates that it will be requesting approximately $15,000.00 to be paid through the Plan. Any amount approved shall be paid in accordance with the Bankruptcy Code and as directed by the Court on a monthly and annual basis, or as directed by further order of Court, as funds become available until all approved fees have been paid in full. The Chapter 12 Trustee shall pay Santillan Law, P.C.**, on a yearly basis, at $3,000.00 per year** for the entire life of the plan.

      B.      Secured creditors

Dividends shall be paid by the Chapter 12 Trustee to the following secured creditors as Plan funds are available. Said amounts shall be controlling unless a party successfully objects to the Plan.

Northwest Bank (Proof of Claim 1) holds a secured claim against various equipment, livestock, buildings, cash, receivables, deposits of the Debtor in the amount of $49,045.29.

Northwest Bank (Proof of Claim 2) holds a secured claim against various equipment, livestock, buildings, cash, receivables, deposits of the Debtor in the amount of $826,014.62.

The Debtor filed an Adversary Complaint under 11 USC 506 at Adversary Number 25-02114-JAD. The debtor believes and asserts that the Fair Market Value of Northwest Bank's collateral is $179,602.00. Assuming successful prosecution of the Adversary, the Debtor projects the following distribution to this creditor:

Northwest Bank shall be paid its secured claim of $179,602.00 at 10.25% for 15 years. The Chapter 12 Trustee shall make the equivalent of 60 equal monthly payments through this Plan in the amount of $1,957.57 (inclusive of interest.) The remaining payments owed to Northwest Bank after Debtor's Plan is completed shall be made directly to Northwest Bank by the Debtor, on or before the 15th of each month, with all liens being released upon final payment.

      i.      Property to be surrendered:

           a.      Debtor does not anticipate surrendering any property during the plan.

      ii.      Claims to be objected to if not otherwise resolved:

           a.      None at this time.

    C.    Priority Creditors

There are no priority creditors of the Debtor.

    D.    Unsecured Creditors:

a. After administrative payments and dividends to the above-stated creditors are made, if available, dividends shall be made to the unsecured creditors whose claims are timely filed, unless an objection to their claim has been sustained, from the balance remaining. Debtors estimate that the unsecured creditors will receive ten percent (10.0%) of their claim. However, that is just an estimate and is not intended to be a guaranteed fixed amount to be paid to the unsecured creditors.

PNC Bank, N.A. filed POC #3 on December 11, 2025 in the amount of $23,265.66. The Debtor projects that Northwest Bank could have an Unsecured Claim of $695,457.91 after disposition of the Adversary Complaint. The combined total of these two creditors could total $718,723.57.

Debtor shall pay the 10% distribution amount over ten (10) years, with the first five years of payments made through the Chapter 12 Trustee's office. Monthly payments total $600.00. Creditors shall receive a pro rata distribution of their claims.

    I.    FEASIBILITY

Debtor intends to cease crop farming due to weather unpredictability, and will focus on the more profitable raising of Berkshire hogs, cattle and sheep from birth to butcher. Income comes from retail sales of the USDA approved, processed meats sold through a farm store, online, via home delivery and some wholesale outlets. The farm is located in Burgettstown, Washington County, PA.

Debtor attaches, Exhibit "A" the Chapter 12 Farm Business Questionnaire, as well as, Exhibit "B" - History & Time line of Financial Distress colloquy which outlines the reasons for the Chapter 12 filing.

    II.    LIQUIDATION ANALYSIS

This Plan produces a better return for creditors than a Chapter 7 liquidation would produce. The payment of the plan includes interest payment that would benefit creditors more than a liquidation.

    III.    MISCELLANEOUS

1.    The amounts to be paid in accordance with this Plan shall represent the full and complete payment for all unsecured pre-petition debts, including tax obligations, and upon completion of this Plan, the Debtor shall not be legally for any such pre-petition debts.

2.

       3.       Creditors shall retain, except as modified by the Court for particular creditors, any liens which they have on Debtor's property until the Debtor's obligations to each such creditor have been fulfilled in accordance with this Plan.

       4.       Unsecured and priority creditors that have not filed a proof of claim on or before the "bar date" set by the Bankruptcy Court shall not be entitled to any distribution under this Plan, and all obligations to them shall cease upon discharge of the Debtor a the completion of this Plan.

       5.       The effective date of this Plan shall be the date of the Order confirming the same.

       6.       The title to the Debtor's property shall remain with the Debtor.

7.

Respectfully submitted,

**SANTILLAN LAW, P.C.**

December 31, 2025                      /s/ Edgardo D. Santillan
Date

                                    Edgardo D. Santillan, Esquire
                                    PA ID #60030
                                    908 22nd Street
                                    Aliquippa, PA 15001
                                    (724) 770-1040
                                    ed@santillanlaw.com